IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 06-cv-02453-REB-MJW

MARLO GONZALEZ,

    Plaintiff

v.

BANK OF AMERICA,

    Defendant.

**TRIAL PREPARATION CONFERENCE ORDER**

**Blackburn, J.**

Pursuant to **D.C.COLO.LCivR 43.1**, and **REB Civ. Practice Standard IV.A.1.**, the court enters this **Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That in order to resolve pretrial issues implicating Fed.R.Evid. 702, the following procedural protocol shall be used:

    a. That expert reports shall conform in substance to the requirements of Fed.R.Civ.P. 26(a)(2)(B) and shall contain and include the following:

        1. a complete statement of each expert opinion to be expressed and the bases and reasons therefor;

        2. the data or other information considered by the witness in forming each expert opinion;

        3. any exhibits to be used as a summary of or support for each expert opinion;

        4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, stated in a *curriculum vitae* ("c.v.");

          5. the compensation to be paid the expert for the study and testimony; and

          6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

     b. That all motions raising issues under Fed.R.Evid. 702 as codified and construed shall be filed by **August 6, 2007**, and marshaled thereafter as prescribed by **D.C.COLO.LCiv 7.1C**;

     c. That for each putative expert witness with respect to whom the movant objects for any reason, the movant shall provide the following:

          1. whether the movant contends that the testimony of the expert is unnecessary; and if so, why;

          2. whether the movant objects to the qualifications of the witness; and if so, why (stated in detail); and

          3. whether the movant objects to any opinion to be offered by the expert; and if so:

              a. which opinion; and

              b. the specific basis for any objection stated and presented in terms of Fed.R.Evid. 702(1), (2), or (3), i.e., whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection impugns the principles and methods on which the expert relied in support of the opinion, or whether the objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion; and

     d. That for each putative expert witness whose necessity, qualifications, or opinions are opposed by the movant, the party offering the expert shall provide in

response to the motion the following:

    1. a c.v. for the expert;

    2. a statement of each opinion to be offered by the expert that is opposed by the movant; and

    3. the bases for each allegedly objectionable statement to be offered by the expert, including

        a. the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;

        b. the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and

        c. how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection;

2. That trial to the court shall commence **March 17, 2008**, at 9:00 a.m., in courtroom A701;

3. That the court reserves four (4) days for trial;

4. That counsel and any *pro se* party shall appear in courtroom A701 on the first day of trial, at 8:30 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

5. That the **Trial Preparation Conference** required by REB Civ. Practice Standard IV.C.1., shall commence on **March 14, 2008**, at 9:30 a.m., in courtroom A701;

6. That lead counsel and any *pro se* party shall attend the Trial Preparation Conference;

7. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies to all

other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

       8. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

           a. identification of "will call" and "may call" witnesses;

           b. the estimated time for direct examination of each "will call" witness;

           c. the pronunciation of problematic party's and witness' names;

           d. use of deposition testimony;

           e. use of video depositions:

                 1. resolution of objections;

                 2. pretrial redaction, if necessary; and

                 3. arrangements for necessary equipment to broadcast the deposition;

           f. the allocation of trial time between the parties;

           g. identification of all persons permitted to be seated at each party's table [Please review Fed.R.Evid. 615];

           h. the names or monikers that may be used when referring to a party or a witness;

           i. the admission of stipulated exhibits or exhibits about which there are no objections;

           j. anticipated evidentiary issues; and

           k. requests or requirement for trial briefs;

9. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

10. That opening statements shall be limited to **thirty (30)** minutes per party;

11. That pursuant to REB Civ. Practice Standard III.D.4., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

12. That in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

13. That consistent with Fed.R.Evid. 103(a)(2), once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a request that the court note a standing or continuing objection to that same evidence will not be granted;

14. That if permitted, closing argument shall be limited to forty-five **(45)** minutes total for each party; and

15. That pursuant to REB Civ. Practice Standard IV.C.1., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the trial preparation conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

Dated February 7, 2007, at Denver, Colorado.

                                              **BY THE COURT:**

                                              s/ Robert E. Blackburn
                                              **Robert E. Blackburn**
                                              **United States District Judge**